**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Harold Oakes

    v.                                     Civil No. 12-cv-298-SM

Edward Reilly, Warden, Northern New
Hampshire Correctional Facility[1]


**O R D E R**


    Harold Oakes has filed a petition for a writ of habeas corpus (doc. no. 1), pursuant to 28 U.S.C. § 2254, alleging that his state conviction and present incarceration violate his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  The petition is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules").


**Standard of Review**

    Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly

---

[1]Oakes names as respondent the former warden of the Northern New Hampshire Correctional Facility, Larry Blaisdell.  The current warden, and therefore proper respondent, is Edward Reilly.  The Clerk's office is directed to amend the docket accordingly.

appears from the petition and any attached exhibits that the
petitioner is not entitled to relief in the district court, the
judge must dismiss the petition."  Id.  In undertaking this
review, the court decides whether the petition contains
sufficient factual matter, accepted as true, to state a claim to
relief that is plausible on its face and cognizable in a federal
habeas action.  See McFarland v. Scott, 512 U.S. 849, 856 (1994)
("Federal courts are authorized to dismiss summarily any habeas
petition that appears legally insufficient on its face." (citing
§ 2254 Rule 4)).

## Discussion

I.   Background

     In November 2008, Harold Oakes was convicted by a jury, in
the New Hampshire Superior Court at Grafton County, of three
felony sexual assault offenses, and on January 28, 2009, was
sentenced to 15-45 years in prison.  Oakes filed a timely direct
appeal in the New Hampshire Supreme Court ("NHSC").  The NHSC
affirmed Oakes's conviction on December 7, 2010.  See State v.
Oakes, 161 N.H. 270, 286, 13 A.3d 293, 307 (2010).

     On May 20, 2011, Oakes filed a petition for a writ of
habeas corpus in the New Hampshire Superior Court at Coos
County.  On or after October 7, 2011, the court denied Oakes's

state habeas petition.  Oakes filed a notice of appeal in the

NHSC.  The appeal was denied on January 25, 2012.

II.  <u>The Claims</u>

In the habeas petition pending before this court, Oakes has

raised the following three claims for relief:

    1.  The admission of Oakes's inculpatory statements
at trial violated Oakes's Fifth Amendment right against
self-incrimination because (a) Oakes was not advised of his
<u>Miranda</u>[2] rights prior to making the statements; (b) the
statements were involuntary, as Oakes was interviewed for
hours, without lunch, and without an opportunity to take a
break or leave the room to get his high blood pressure and
diabetes medication, was followed to and from the bathroom,
and the interview was conducted by a very aggressive police
detective.

    2.  The admission of Oakes's inculpatory statements
at trial violated Oakes's Fifth Amendment right against
self-incrimination and his Sixth Amendment right to counsel
because he was not advised of his <u>Miranda</u> rights prior to
making the statements, although the circumstances of the
interrogation so required.

    3.  Oakes's Fifth Amendment right against self-
incrimination and his Fourteenth Amendment right to due
process were violated by the admission of his involuntary
statements at trial, while the jury was not allowed to hear
evidence concerning the length of time Oakes was subjected
to police questioning.

---

[2]<u>See</u> <u>Miranda v. Arizona</u>, 384 U.S. 436, 479 (1966) (police
must give suspects in custody certain warnings concerning their
rights before they are interrogated in order for their
statements to be admissible in evidence without violating the
Fifth Amendment).

III. <u>Exhaustion</u>

To be eligible for relief in a § 2254 petition, Oakes must show that he has exhausted the remedies available to him in the state courts on his federal habeas claims, or that state corrective processes are unavailable or ineffective to protect his rights. <u>See</u> 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." <u>Id.</u> § 2254(c). Unexhausted claims cannot generally be cited as grounds for granting federal habeas relief. <u>See id.</u> § 2254(b). "[A] petitioner's failure to present his federal constitutional claim to the state courts is ordinarily fatal to the prosecution of a federal habeas case." <u>Coningford v. Rhode Island</u>, 640 F.3d 478, 482 (1st Cir.), <u>cert. denied</u>, 132 S. Ct. 426 (2011).

A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims. <u>See</u> <u>Lanigan v. Maloney</u>, 853 F.2d 40, 42 (1st Cir. 1988). "In order to exhaust a claim, the petitioner must present the federal claim fairly and recognizably to the state courts, meaning that he must show that he tendered his federal claim in such a way as

to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." <u>Clements v. Maloney</u>, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotation marks and citation omitted).

The petition filed in this action does not demonstrate that Oakes has exhausted, in the state courts, the federal claims raised here.  The NHSC's opinion affirming Oakes's conviction includes a ruling on Oakes's claim that he was not permitted to testify to the length of time that he was questioned at the police station.  The opinion, however, does not demonstrate that the federal nature of the claim was raised on direct appeal. Oakes has not set forth any information concerning the exhaustion of any of the federal claims raised in the instant petition, in either Oakes's direct appeal, his later state habeas action, or any other post-conviction litigation effort. Accordingly, Oakes will be granted leave to amend his petition to demonstrate that the claims therein have been exhausted in the state courts, or to request a stay of this action to enable him to return to the state courts to exhaust his federal constitutional claims.

**Conclusion**

1.    Within thirty days of the date of this order, Oakes is granted leave to file either:

a.    An amended § 2254 petition that demonstrates that he has exhausted his state court remedies as to all of the federal claims asserted in this action, including as exhibits any motions, notices of appeal, briefs, state court decisions, or other documents derived from the state court record, which demonstrate that each claim has been presented to and exhausted in the state courts, including the NHSC; or

b.    A motion to stay this action, for the purpose of providing Oakes time to return to the state courts to exhaust his state court remedies on each federal claim asserted in the § 2254 petition.

2.    If Oakes moves for a stay in this matter, he must commence post-conviction litigation to exhaust his claims in state court within thirty days of the date that the motion to stay is granted.

3.    Should Oakes fail to amend his petition as directed, or otherwise fail to comply with this order, the court will recommend that the petition be dismissed, without prejudice, for

failure to demonstrate exhaustion of state remedies as to each
of the claims asserted therein.   See 28 U.S.C. § 2254(b).

    SO ORDERED.

                                              _____
                                              Landya McCafferty
                                              United States Magistrate Judge

December 11, 2012

cc:  Mark Sisti, Esq.

LBM:jba